**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **AERITAS, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | **6:22-CV-00986-ADA-DTG** |
| *v.* | § | |
| | § | |
| **OFFICE DEPOT, LLC,** | § | |
| *Defendant.* | § | |
| | § | |

**REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

TO:   **THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P.  72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is ECF No. 14, Defendant Office Depot, LLC's Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6) due to alleged patent ineligibility under 35 U.S.C. § 101. Plaintiff Aeritas, LLC, filed a response in opposition. ECF No. 17. Defendant filed a Reply. ECF No. 19. This recommendation memorializes the Court's ruling at the hearing on March 28, 2024. After careful consideration of the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that the Motion be **DENIED**.

## I.  LEGAL STANDARD

Defendant's Motion seeks dismissal under Rule 12(b)(6) in light of 35 U.S.C. § 101— patent eligibility. Rule 12(b)(6) allows the Court to dismiss a case if it fails "to state a claim upon

which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating Defendant's Motion, the Court accepts all of Plaintiff's well-pleaded factual allegations as true and considers them most favorably for Plaintiff. *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021). This Court can resolve patent eligibility at the pleading stage only if, after drawing all inferences in Plaintiff's favor, there are no plausible factual disputes *Coop. Ent., Inc. v. Kollective Tech., Inc.*, 50 F.4th 127, 130 (Fed. Cir. 2002). Such factual disputes can arise when determining whether the patented invention passes step two of the patent eligibility test—whether the patent claims include an inventive concept. *Id*. Patents are presumed valid, and invalidity—including invalidity under § 101—requires proof by a clear and convincing evidence standard. *Slyce Acquisition Inc. v. Syte-Visual Conception Ltd.*, No. W-19-CV-00257-ADA, 2020 WL 278481, at *4 (W.D. Tex. Jan. 10, 2020) (citing *Berkheimer v. HP Inc.*, 881 F3d 1360, 1368 (Fed. Cir. 2018)). The factual inquiry for an inventive concept and the heightened burden of proof makes a determination of invalidity under § 101 rarely appropriate at the pleading stage. *Id.*, at *4-5.

## II.  ANALYSIS

The Court finds that it need not address step one of the patentability test to resolve this Motion as consideration of step two justifies recommending **DENIAL**.

Plaintiff's response to the Motion to Dismiss quotes allegedly specific factual allegations in the expert declaration attached to Plaintiff's Amended Complaint. ECF 17 at 7 (citing ECF No. 12-1). Upon reviewing the quoted excerpts as well as the entire Amended Complaint and attachment, the Court is persuaded that Plaintiff has made sufficient, specific factual allegations to a plausibly establish eligibility and state a claim for relief under Rule 12(b)(6). *See* ECF No. 12 & 12-1. These factual allegations are sufficient to survive the Rule 12(b)(6) motion regardless of the

need for claim construction or determination of whether a single claim is representative of the others. *See generally Slyce*, No. W-19-CV-00257-ADA, 2020 WL 278481.

At this pleading stage, the Court takes all factual allegations as true and indulges all reasonable inferences in Plaintiff's favor. Defendant has not had the opportunity to present contradictory evidence regarding the factual allegations that Plaintiff makes to support patentability. In this specific case, the Court finds that patentability is more appropriately addressed at the summary judgment with a well-developed factual record.

### III.  RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the Defendant's Motion to Dismiss (ECF No. 14) be **DENIED WITHOUT PREJUDICE** to raising patent eligibility at the summary judgment stage.

### IV.  OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of

unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See*

28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**IT IS SO ORDERED.**
**SIGNED** this 28th day of March, 2024.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE